IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | | |
|---|---|---|
| Genuine Truth Banner, | ) | Case No.: 6:24-cv-1408-JD-KFM |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | |
| | ) | **ORDER AND OPINION** |
| Warden Nelson, | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |

This matter is before the Court with the Report and Recommendation ("Report") of United States Magistrate Judge Kevin F. McDonald (DE 25), made in accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) of the District of South Carolina regarding Respondent Warden Nelson's ("Nelson" or "Respondent") Motion for Summary Judgment (DE 14).[1]

**A. Background**

The Report sets forth the relevant facts and legal standards, which the Court incorporates without a complete recitation. In any event, the Court provides this summary as a brief background.

Petitioner Genuine Truth Banner ("Petitioner" or "Banner") is incarcerated within the South Carolina Department of Corrections ("SCDC"). (DE 1 at 1.)

---

[1] The recommendation has no presumptive weight, and the responsibility for making a final determination remains with the United States District Court. *See Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The court is charged with making a de novo determination of those portions of the Report and Recommendation to which specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the magistrate judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

1

Petitioner seeks review of his disciplinary conviction from October 28, 2021, for assault and battery with intent to kill of an SCDC employee (DE 14-2, 14-3). He alleges a Fourteenth Amendment due process violation (DE 9-1) because he lost twelve days of good time credit as a result of this disciplinary conviction (DE 14-3). He filed a step one grievance appealing his conviction on December 7, 2021, and he filed a step two grievance the same day (DE 14-4, 14-5). In both grievances, Petitioner stated that he filed an appeal the same day as his convictions (DE 14-4, 14-5). Both grievances were denied on the basis of there being no justification for overturning the disciplinary hearing officer's ("DHO") decision (DE 14-4, 14-5).

The South Carolina Administrative Law Court ("ALC") issued an order affirming the agency's decision on November 3, 2022 (DE 14-6). Petitioner received the court's order on November 22, 2022 (DE 14-7 at 2). However, he failed to attempt to file an appeal until June 2023, when he submitted a letter to the South Carolina Court of Appeals, which was undated but was received by the Court of Appeals on June 7, 2023 (*id.*). On July 6, 2023, the Court of Appeals issued an order dismissing the appeal due to Petitioner's failure to provide necessary documentation as requested by the court (DE 14-8). The remittitur was issued on August 3, 2023 (DE 14-9). Petitioner attempted to appeal to the South Carolina Supreme Court in March 2024, but the Supreme Court dismissed the matter since the remittitur had been issued in August the previous year (DE 14-10).

Meanwhile, Petitioner also filed another notice of appeal in the Court of Appeals on November 15, 2023 (DE 14-12), which was dismissed as untimely (DE 14-

2

13). The remittitur was issued on February 21, 2024 (DE 14-15), and Petitioner filed the current action on March 25, 2024 (DE 1). Petitioner alleges that his Fourteenth Amendment right to due process was violated "where . . . DHO . . . openly admitted that she did not and would not review or consider petitioner's documentary evidence (video of the incident) and where certain witnesses and accusers could not be present/ were not located" (DE 1 at 2). Respondent filed the motion for summary judgment on June 28, 2024 (DE 14), and on that same date, pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), Petitioner was advised of the motion for summary judgment procedure and the possible consequences if he failed to respond adequately (DE 15). Petitioner filed a response in opposition (DE 17), Respondent filed a reply (DE 18), and Petitioner filed a sur-reply (DE 20). Accordingly, this matter is now ripe for review.

### B. Report and Recommendation

On September 13, 2024, the Magistrate Judge issued the Report recommending that Respondent's motion for summary judgment (DE 14) be granted. (DE 25.) Specifically, the Report concluded that:

> Here, the petitioner failed to comply with the state court rules and deadlines for taking an appeal, and thus he failed to perfect a timely appeal to the South Carolina Court of Appeals. Thus, his state court remedies are no longer available to him, and he is procedurally defaulted from pursuing his claim here absent a showing of cause for the default and prejudice or by showing that failure to consider the claim will result in a fundamental miscarriage of justice, which equates to the conviction of someone who is actually innocent. *See Bousley v. United States*, 523 U.S. 614, 623 (1998).

(DE 25 at 8.) Petitioner objected to the Report on October 3, 2024. (DE 27.)

3

### C. Legal Standard

To be actionable, objections to the Report and Recommendation must be specific. Failure to file specific objections constitutes a waiver of a party's right to further judicial review, including appellate review, if the recommendation is accepted by the district judge. *See United States v. Schronce*, 727 F.2d 91, 94 & n.4 (4th Cir. 1984). "The Supreme Court has expressly upheld the validity of such a waiver rule, explaining that 'the filing of objections to a magistrate's report enables the district judge to focus attention on those issues—factual and legal—that are at the heart of the parties' dispute.'" *Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (2005) (citing *Thomas v. Arn*, 474 U.S. 140, 147 (1985) (emphasis added)). In the absence of specific objections to the Report and Recommendation of the magistrate judge, this Court is not required to give any explanation for adopting the recommendation. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983).

### D. Petitioner's Objection

Banner raises five enumerated objections,[2] two of which—though distinct—substantially overlap and are addressed together here. In both, Petitioner challenges the Magistrate Judge's conclusion that his claims are procedurally defaulted.

---

[2]     Banner's initial objection—asserting that a "fundamental miscarriage of justice" would occur if his claim is not addressed—is not "at the heart of the parties' dispute[.]" *Diamond*, 416 F.3d at 315 (2005) (citation omitted). Accordingly, this objection is overruled without further discussion.

Similarly, Banner's third objection on the Magistrate Judge's consideration of "Revised Notes," which were first raised by Respondent in his reply brief, is not material to the resolution of the parties' dispute and is likewise overruled.

Finally, Banner's fifth objection, which relates to his assertion of "actual innocence" and references his supporting declaration, disciplinary hearing, and subsequent acquittal,

In his second objection, Petitioner contends that "[t]he ALC provided Petitioner with incorrect and incomplete appellate procedure for appealing its final order[,]" specifically alleging that the instructions failed to include a deadline or timeframe for filing an appeal. (DE 27 at 1.) Similarly, in his fourth objection, Petitioner states that the "'Rules of Procedure' provided are not in harmony with the Appellate Court Rules" and criticizes the absence of any explicit direction to consult the South Carolina Appellate Court Rules—asserting that the Magistrate Judge's contrary conclusion amounts to a misrepresentation. (DE 27 at 2.)

In sum, Petitioner disputes the Report's conclusion that the "Rules of Procedure" provided by the ALC, including references to the "2009 Revised Notes," sufficiently informed him of his appellate rights. The Court finds this argument unpersuasive. The Report correctly observes that the 2009 Revised Notes expressly states: "Pursuant to Act 387 of 2006, the South Carolina Appellate Court Rules govern the procedure for appealing a final order of an administrative law judge." (DE 25 at 9.) Petitioner does not contest that the ALC referenced these notes; rather, he objects to the absence of a specific appellate deadline. However, Petitioner cites no authority requiring the ALC to interpret or provide detailed notice of appellate deadlines.

---

fails to address the basis on which the Magistrate Judge recommended granting summary judgment to Respondent—namely, procedural default. Accordingly, this objection is also overruled without further discussion.

And so, the Court finds that Petitioner was sufficiently advised of the applicable appellate procedures and that the procedural default finding is sound. These objections are therefore overruled.

### E. Conclusion

Accordingly, after a thorough review of the Report and Recommendation and the record in this case, the Court adopts the Report (DE 25) and incorporates it here by reference.

It is, therefore, **ORDERED** that Respondent's Motion for Summary Judgment (DE 14) is granted, the Petition is dismissed, and all pending motions are terminated as moot. Further, it is **ORDERED** that a certificate of appealability is denied because Petitioner has failed to make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

**IT IS SO ORDERED**.

Joseph Dawson, III
United States District Judge

Florence, South Carolina
May 7, 2025

### NOTICE OF RIGHT TO APPEAL

The parties are hereby notified of the right to appeal this order within thirty (30) days from this date under Rules 3 and 4 of the Federal Rules of Appellate Procedure.